**Jeffery J. Matthews, OSB #973280**
**jeffery.j.matthews@harrang.com**
**Ben Miller, OSB #074690**
**ben.miller@harrang.com**
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    (541) 485-0220
Facsimile:    (541) 686-6564
Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JOSHUA SCHLOSSBERG,** | Case No. 10-6014-TC |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE** |
| vs. | |
| **BILL SOLESBEE, in his individual and official capacities; PETE KERNS, in his individual and official capacities; CITY OF EUGENE,** | |
| Defendants. | |

Defendants object to Plaintiff's Requested Voir Dire as set forth below.

16.  Defendants object to plaintiff's voir dire question number 16, subparts c and d. These questions are directed at developing a bias toward police officers rather than discovering pre-existing biases.

Page 1 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE**

17. Defendants object to plaintiff's voir dire question number 17. This question is directed at developing a bias toward police officers rather than discovering pre-existing biases.

22. Defendants object to plaintiff's voir dire question number 22, subpart d. Subpart d interjects the subject of insurance, which is not allowed.

31. Defendants object to plaintiff's voir dire question 31 unless it is re-phrased to inquire about whether experience with law enforcement would cause the person to favor one side or the other.

32. Defendants object to plaintiff's voir dire question 32. The court will instruct the jury on the law. It is not appropriate to voir dire jurors about what they believe is or is not lawful. The court should inquire generally whether jurors can follow the court's instructions on the law whether they agree with the court's instructions or not.

33. Defendants object to plaintiff's voir dire question 33. Plaintiff is suggesting that defendant Solesbee acted in the manner alleged because plaintiff argued with him. Defendants contend otherwise. Plaintiff is attempting to argue his case during voir dire.

34. Defendants object to plaintiff's voir dire question 34. Plaintiff's questions suggest defendant Solesbee's actions were wrongful and that jurors only need decide whether to hold him liable. Defendants contend otherwise. Plaintiff is attempting to argue his case during voir dire.

35. Defendants object to plaintiff's voir dire question 35 in that it suggests police officers are something other than citizens.

36. Defendants object to plaintiff's voir dire question 36. These questions are misleading in that they do not accurately describe the type of training received by police officers. Moreover, these questions suggest that training on how to cogently present evidence is somehow inappropriate.

37. Defendants object to plaintiff's voir dire question 37. These questions are misleading and intended to create juror bias.

38. Defendants object to plaintiff's voir dire question 38.  This question is intended to create juror bias by suggesting that the officers in this case are willing to lie under oath.

39. Defendants object to plaintiff's voir dire question 39.  Plaintiff is suggesting the truth of his allegations, which are disputed.  Plaintiff is attempting to argue his case during voir dire.

40. Defendants object to plaintiff's voir dire question 40.  Plaintiff is suggesting that liability is established absent juror bias.  This question is misleading and is simply argument during voir dire.

41. Defendants object to plaintiff's voir dire question 41.  The open ended nature of this question invites narrative responses likely to result in tainting the jury pool or a mistrial.

42. Defendants object to plaintiff's voir dire questions 42.  Whether a potential juror has been the victim of a crime is not related to the civil claims the jurors will be asked to decide.

44. Defendants object to plaintiff's voir dire question 44.  The court will instruct the jury on the law.  It is not appropriate to voir dire jurors about what they believe is or is not lawful.  The court should inquire generally whether jurors can follow the court's instructions on the law whether they agree with the court's instructions or not.

45. Defendants object to plaintiff's voir dire question 45.  Plaintiff's question suggests that the frequency with which police officers use force somehow equates with whether their use of force is reasonable.  Plaintiff is simply arguing his case in voir dire by suggesting that frequent use of force equals unlawful use of force.

46. Defendants object to plaintiff's voir dire question 46.  First is pre-supposes that police misconduct is a problem that needs to be "handled by society."  Second, it suggests that the jurors ought to find in favor of plaintiff to address "police misconduct," rather than base their decision on the evidence in this case.

47. Defendants object to the last question in plaintiff's voir dire questions 47.  First, it suggests that lawsuits against police are somehow related to tort reform.  Second, it sets up an inaccurate dichotomy between "citizens" and "police."

Page 3 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE**

48. Defendants object to plaintiff's voir dire question 48. Plaintiff's question inaccurately suggests plaintiff's constitutional rights have been violated and this lawsuit is only about "defending plaintiff's constitutional rights." Plaintiff is attempting to argue his case in voir dire.

49, 50, 51, 52, 54, 55, 56, 57, 58, 60, 61, 63, 64, 66, 67, 68, 69, 70, and 71. Defendants object to these voir dire questions. All of these questions are designed to suggest to potential jurors that the only proper course of action is to find defendants liable and that to decide otherwise would be the result of unfair bias against plaintiff. Plaintiff is inappropriately attempting to argue his case in voir dire.

62. Defendants object to plaintiff's voir dire question 62. Plaintiff's neck was not broken during his interaction with Sgt. Solesbee. To suggest it was is an inappropriate attempt to elicit juror sympathy.

65. Defendant object to plaintiff's voir dire question 65 because it is not an accurate statement of the law concerning the "more likely than not" standard, which, in any event, is not the standard used in federal court jury instructions. Ninth Circuit Model Jury Instructions, 1.3.

DATED this 28th day of December, 2011.

          HARRANG LONG GARY RUDNICK P.C.

          By:   /s/ Jeffery J. Matthews
              Jeffery J. Matthews, OSB #973280
              jeffery.j.matthews@harrang.com
              Ben Miller, OSB #074690
              ben.miller@harrang.com
              Telephone:  (541) 485-0220
              Facsimile:  (541) 686-6564

          Of Attorneys for Defendants

Page 4 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE**

## CERTIFICATE OF SERVICE

I certify that on December 28, 2011, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED VOIR DIRE** on the party or parties listed below as follows:

| | |
|---|---|
| __X__ | Via CM / ECF Filing |
| _____ | Via First Class Mail, Postage Prepaid |
| _____ | Via Email |
| _____ | Via Personal Delivery |

| | |
|---|---|
| Lauren C. Regan | Marianne Dugan |
| Civil Liberties Defense Center | 259 E. 5th Avenue, Suite 200-D |
| 259 E. 5th Avenue, Suite 300A | Eugene, OR  97401 |
| Eugene, OR  97401 |   Of Attorneys for Plaintiff |
|   Of Attorneys for Plaintiff | |

HARRANG LONG GARY RUDNICK P.C.

By: __/s/ Jeffery J. Matthews_____
    Jeffery J. Matthews, OSB #973280
    jeffery.j.matthews@harrang.com
    Ben Miller, OSB #074690
    ben.miller@harrang.com
    Telephone:    (541) 485-0220
    Facsimile:    (541) 686-6564

    Of Attorneys for Defendants

00355376.DOC;1

**CERTIFICATE OF SERVICE**