UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSHUA SCHLOSSBERG, | 10-6014-TC |
| Plaintiff, | |
| v. | ORDER ON STIPULATION REGARDING JURY INSTRUCTION REGARDING EVIDENCE IN ELECTRONIC FORMAT |
| BILL SOLESBEE and THE CITY OF EUGENE, | |
| Defendants. | |

COFFIN, Magistrate Judge:

Defendants seek to introduce "audio/video recording by plaintiff of Sgt. Solesbee" (ex. 105) and "IVC of plaintiff Schlossberg in police vehicle post-arrest" (ex. 107). Accordingly, defendants have requested that I instruct the jury on Evidence in Electronic Format (Ninth Circuit Model Instruction 2.14). The comment to this instruction notes that the instruction is premised on the assumption that the parties have stipulated, in writing, to the availability of electronic display devices in the jury room and to the procedures set forth in the instruction. I have included a copy of my proposed instruction at the bottom of this order for the parties review.

Page 1 - ORDER

The stipulation is subject to my approval and must contain the following provisions:

1. The parties agree to an allocation of the costs of providing the necessary equipment, including the computer, hard drive, projector, cable, printer, monitor and other accessories.
2. The parties jointly will arrange to load images of the admitted exhibits onto a hard drive. They shall assure that the hard drive contains only such items and nothing else.
3. The parties jointly will compile a document entitled "Admitted Exhibit List" that consists of all trial exhibits actually received into evidence, listed in numerical order and containing the date (where available) and a brief description of the exhibit. The Admitted Exhibit List should be text searchable.
4. Before the jury retires to deliberate, the parties will review the notebook computer, the exhibit list interface and the images of the exhibits, to assure their accuracy. Unless a party objects before the jury retires to deliberate, that party will waive all objections to the materials and equipment submitted to the jury.
5. The parties shall maintain at the courthouse a backup notebook computer and a backup hard drive with images and data identical to what was loaded onto the hard drive sent into the jury room.
6. During the "tutorial" that the technician provides in the jury room and on any later occasion that a technician enters the jury room to address a technical problem or matter, the courtroom deputy will be present and the court reporter will record what is said.

The parties shall draft and return a stipulation which stipulates to electronic devices in the jury room, agreement on my proposed instruction and the aforementioned provisions on or before January 13, 2012.

Proposed Evidence In Electronic Format Instruction (2.14)

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to view the exhibits on the computer. If you need additional equipment or supplies, you may make a request by sending a note. In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to my courtroom deputy, signed by your foreperson or by one or

more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with my courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

IT IS SO ORDERED.

January 6, 2012.

_____
THOMAS M. COFFIN
United States Magistrate Judge